THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,

Defendants.

NO. 2:16-cv-01023-RSM

**STIPULATED PROTECTIVE ORDER**

## I. STIPULATION

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. "CONFIDENTIAL" MATERIAL

    (a)    "Confidential" material shall include the following documents, electronically stored information ("ESI"), and tangible things (collectively, "documents") produced or otherwise exchanged: Formulas or trade secrets;

    (b)    Proprietary design, development, research, licensing, distribution, marketing, production, and manufacturing information, including project files, reports, correspondence, drawings, data, and notes related to past, current, future, and potential vehicles and vehicle components sold or produced by Defendants (not to include disseminated marketing materials or materials that, on their face, were published to the general public);

    (c)    Results of unpublished vehicle and component testing and studies conducted by Nissan;

    (d)    Defendants' proprietary database structures and/or schema (because proprietary databases may contain non-proprietary data, confidentiality designations for information in the databases shall be determined independently and designated separately);

    (e)    Competitive intelligence information;

    (f)    Personnel records and information;

    (g)    Personal and private information regarding owners and lessees of Nissan vehicles, including current and former street addresses for natural persons, Social Security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, usernames, and passwords;

    (h)    Unredacted personal identifying information and personal health information protected from disclosure by applicable law or regulation;

    (i)    Financial information not publicly filed with federal or state regulatory authorities and not contained within publicly available quarterly or annual reports.

STIPULATED PROTECTIVE ORDER - 2
CASE NO. 2:16-CV-01023-RSM

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

It is the intent of the parties that information will not be designated as confidential without a good faith belief that it has been maintained in a confidential, non-public manner.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or other events not inconsistent with the requirements of this Stipulation; (2) information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party; and (3) information generated or received by the receiving party. Finally, any use of confidential material at trial shall be governed by a separate agreement or order.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

STIPULATED PROTECTIVE ORDER - 3
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(a) the parties;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts and consultants not currently employed by or engaged as a contractor or consultant by a competitor of Defendants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If an expert or consultant is currently employed by or a contractor or consultant for a competitor of Defendants, the parties will meet and confer to develop a mutually acceptable protocol for sharing Defendants' confidential information with the expert or consultant;

(e) the court, court personnel, and court reporters and their staff, including any court reporter or videographer reporting a deposition;

(f) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. If a deponent is currently employed by or a consultant or contractor for a competitor of Defendants, the parties will meet and confer to develop a mutually acceptable protocol for sharing Defendants' confidential information with the witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound

STIPULATED PROTECTIVE ORDER - 4
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)  mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)  professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(k)  other persons by written agreement of the parties.

4.3  <u>Filing Confidential Material.</u>  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Before any information is designated "CONFIDENTIAL," counsel for the designating party must first review the information and make a determination, in good faith, that it is confidential or otherwise entitled to protection under Fed. Civ. P. 26(c).  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material,

STIPULATED PROTECTIVE ORDER - 5
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this agreement (*see*, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form:</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  This deadline may be extended by agreement of the parties.   Entire deposition transcripts should rarely, if ever, be

STIPULATED PROTECTIVE ORDER - 6
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

designated as confidential. Any party who fails to designate a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential within sixty (60) days after receipt has waived its ability to do so.

If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. With respect to deposition transcripts, any party who fails to designate a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential within sixty (60) days after receipt has waived its ability to do so.

5.4 <u>Discovery Material Protected Under Foreign Law.</u> In the interests of comity, an entity organized under the laws of a country other than the United States, including but not limited to Japan, that produces information in this litigation may designate as confidential documents containing personal information protected from disclosure by the data protection laws of the country in which they are organized. The parties agree to meet and confer before marking documents confidential pursuant to this provision.

5.5 <u>Redaction of Information in Produced Documents.</u> The Parties have agreed to address whether and what information, other than information protected by the attorney-client privilege or work product protection, may be redacted prior to production.

STIPULATED PROTECTIVE ORDER - 7
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.6     Redaction Labels.  The parties shall indicate on each redaction a brief, but specific, identifier stating the basis for the redaction, *e.g.* "protected personal information," "employee privacy," "attorney-client privilege." For redacted documents included in a production, a "Yes" will appear in the "Redacted" field included with the objective coding in the load file for the document production.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall

STIPULATED PROTECTIVE ORDER - 8
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Party or Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER - 10
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of January, 2018.

| TERRELL MARSHALL LAW GROUP PLLC | SHOOK HARDY & BACON L.L.P. |
|---|---|
| By: /s/ Beth E. Terrell, WSBA #26759<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Amanda M. Steiner, WSBA #29147<br>Email: asteiner@terrellmarshall.com<br>Brittany A. Madderra, WSBA #48514<br>Email: bmadderra@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 | By: /s/ Heather A. Hedeen, WSBA #50687<br>Heather A. Hedeen, WSBA #50687<br>Email: hhedeen@shb.com<br>701 Fifth Avenue, Suite 6800<br>Seattle, Washington 98104<br>Telephone: (206) 344-3113<br>Facsimile: (206) 344-3113<br><br>Amir Nassihi, *Admitted Pro Hac Vice*<br>Email: anassihi@shb.com<br>Andrew L. Chang,<br>*Admitted Pro Hac Vice*<br>Email: achang@shb.com<br>SHOOK HARDY & BACON L.L.P.<br>One Montgomery Street, Suite 2700<br>San Francisco, California 94104<br>Telephone: (415) 544-1900<br>Facsimile: (415) 391-0281 |

STIPULATED PROTECTIVE ORDER - 11
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| Gregory F. Coleman, *Admitted Pro Hac Vice* | William R. Sampson, *Admitted Pro Hac Vice* |
| Email: greg@gregcolemanlaw.com | Email: wsampson@shb.com |
| Lisa A. White, *Admitted Pro Hac Vice* | Holly P. Smith, *Admitted Pro Hac Vice* |
| Email: lisa@gregcolemanlaw.com | Email: hpsmith@shb.com |
| Mark E. Silvey, *Admitted Pro Hac Vice* | SHOOK HARDY & BACON L.L.P. |
| Email: mark@gregcolemanlaw.com | 2555 Grand Boulevard |
| GREG COLEMAN LAW PC | Kansas City, Missouri 64108 |
| First Tennessee Plaza | Telephone: (816) 474-6550 |
| 800 South Gay Street, Suite 1100 | Facsimile: (816) 421-5547 |
| Knoxville, Tennessee 37929 | |
| Telephone: (865) 247-0080 | *Attorneys for Defendant Nissan North America, Inc.* |
| Facsimile: (865) 533-0049 | |

Charles Crueger, *Admitted Pro Hac Vice*
Email: cjc@cruegerdickinson.com
Erin Dickinson, *Admitted Pro Hac Vice*
Email: ekd@cruegerdickinson.com
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Whitefish Bay, Wisconsin 53211
Telephone: (414) 210-3868

Edward A. Wallace,
*Admitted Pro Hac Vice*
Email: eaw@wexlerwallace.com
Adam Prom, *Admitted Pro Hac Vice*
Email: ap@wexlerwallace.com
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*Attorneys for Plaintiffs*

## II. ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the

STIPULATED PROTECTIVE ORDER - 12
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

DATED this 22 day of January 2018.

                    RICARDO S. MARTINEZ
                    CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - 13
CASE NO. 2:16-CV-01023-RSM

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case *of Tamara Lohr et al. v. Nissan North America, Inc.*, No. 2:16-cv-01023-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 14
CASE NO. 2:16-CV-01023-RSM

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com