THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,

Defendants.

NO. 2:16-cv-01023-RSM

**STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

## I. STIPULATION

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.  General Principles**

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.  The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 1
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 45 days after the filing of the parties' Stipulation Regarding Discovery of Electronically Stored Information, each party shall disclose to the other:

1.     <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, databases, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, cloud-based storage, cloud-based applications, cloud-based databases, social media accounts, messaging applications, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Data sources listed below in Section C(3)(a) need not be included on this list.

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

  2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

  3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

  a. Deleted, slack, fragmented, or other data only accessible by forensics.

  b. Random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system.

  c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

  d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

  e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

  f. Server, system or network logs.

  g. Data remaining from systems no longer in use that is unintelligible on the systems in use and where there is no reasonable or proportional way to convert the data to a universal format such as CSV, XLSX, TXT, SQL, XML, etc.

  h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

  i. Text messages, instant messages, and voicemail not retained in the ordinary course of business.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 3
CASE NO. 2:16-CV-01023-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D. Privilege**

1. Claims of Privilege:

   a. Where a document is withheld from production pursuant to a claim of attorney-client privilege or work-product protection, :

   (i) The attorney asserting the privilege shall identify the nature of the privilege (including work product) being claimed; and

   (ii) The following information shall be provided in a privilege log, unless divulging such information would cause disclosure of the allegedly privileged information:

   (a) The type of document, e.g., letter or memorandum;

   (b) The general subject matter of the document;

   (c) The date of the document; and

   (d) Such other information as is sufficient to identify the document, including, where provided, the author of the document, the addressees of the document, and any other recipients shown in the document, with legal personnel designated by asterisk;

   b. Privilege logs will be provided on a rolling basis, with the first log provided within 45 days of the first production and the final log within 45 days of the last production.

   c. Legal personnel shall be identified as such by adding an asterisk after their names in the privilege log.

   d. For a chain of privileged emails, the Producing Party need include only one entry on the privilege log for the entire email chain and need not log each email contained in the chain separately. The privilege log entry for the email chain needs to provide in the applicable privilege log fields (1) the Bates number for the entire email chain, (2) the author, recipient(s), copyee(s), and subject line for the last-in-time email, and (3) the privilege log

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 4
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

entry will disclose all third parties on the string that may not be reflected in the metadata, with legal personnel designated by asterisk.

2. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs. Redactions from produced documents also are not required to be logged provided the reason for the redaction appears on the redaction label (*e.g.*, Privileged, Work Product).

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or of protection as trial-preparation material, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B), and its production shall not constitute a waiver of such protection in this matter or any other federal or state proceeding, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.   ESI Discovery Procedures**

On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

1. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

2. The parties have agreed to search terms and will meet and confer regarding plaintiffs' request, if any, for additional search terms after productions based on the original set of search terms have been made. Such request shall be pursuant to the terms of subparagraphs

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 5
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3.c and 3.d. Part of this meet and confer process may involve providing information to assess the burden and to determine appropriate edits to the proposed search term list.

    3.    In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

        a.    A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

        b.    Upon reasonable request and if appropriate for this case, a producing party shall also disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including but not limited to, tape rotation and destruction/overwrite policy.

        c.    If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 5 additional queries. The 5 additional terms or queries, if any, must be provided by the requesting party within 30 days of receipt of the producing party's production.

        d.    Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, color images, audio/video files, and similarly large file types.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 6
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

e. The producing party shall search both non-custodian data sources and ESI maintained by the custodians identified above.

4. <u>Document Format.</u> The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. The parties shall meet and confer regarding reliable methods for converting the data for production. Plaintiff specifically requests a load file that includes .DAT and .OPT files in addition to corresponding single-paged TIFFs, extracted text and OCR. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheets and media files, should be produced in native format. Documents produced in native file format will be named with a Bates number and, where applicable, a confidentiality designation. When possible, extracted text should be provided for any documents produced in native file format. Documents should be produced with natural document breaks so that it is apparent where each document begins and ends. Separate documents should not be combined for purposes of production into one contained image file. Documents that are locked by a password or encrypted as they are kept in the ordinary course of business shall be produced in a form that is unlocked or decrypted or with passwords under separate cover, provided the producing party is able to unlock or decrypt the document using reasonable and proportional means.

5. The parties shall meet and confer regarding production format of databases and other structured data sources before their production. The parties will work to identify an appropriate format that will allow the requesting party to use and search the data in a meaningful way, such as an already existing and reasonably available report, or an export from the original database of discoverable information in a format compatible with Microsoft Excel or Microsoft Access produced in native format. A producing party shall neither be obligated to create and/or produce a copy of the database, nor provide another party with access to the database, unless good cause is shown (after the parties meet and confer) that other means of obtaining the data in a usable format are not available.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 7
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6. The parties agree that ESI will be produced to the requesting party in the format set forth in Section E(4). Productions that are smaller than five gigabytes may be produced through an FTP site. Productions larger than five gigabytes will be produced on industry standard media such as external hard drives or "thumb drives."

7. <u>De-duplication.</u> The parties will undertake reasonable efforts to de-duplicate their ESI production across custodial and non-custodial data sources. To "de-duplicate" across custodians means that exact duplicates of documents held and produced by a particular custodian, as identified by MD5 or SHA1 hash values, but also residing with another custodian, will not be produced twice. The parties may de-duplicate identical e-mails using MD5 or SHA1 hash technology, across custodians to reduce or suppress e-mail thread duplicates. To suppress an email as a "thread duplicate," it must be wholly contained in the later, surviving email, and have all the same recipients and attachments.

8. <u>Metadata fields.</u> The parties agree to produce the following metadata fields, where applicable and available:

| FIELD NAME | DESCRIPTION |
| --- | --- |
| **BEGDOC** | The starting Bates number of the document |
| **ENDDOC** | The ending Bates number of the document |
| **BEGATTACH** | If the document is an attachment, this is the starting Bates number of the parent document (i.e.-the document it is attached to) |
| **ENDATTACH** | If the document is an attachment, this is the ending Bates number of the parent document |
| **TO** | The name of the recipient(s) |
| **FROM** | The name of the sender(s) |
| **CC** | The document is electronic mail or correspondence, the identity of the person or entity who received a copy |
| **BCC** | If the document is electronic mail or correspondence, the identity of the person or entity who received a blind copy |
| **DATESENT** | If the document is electronic mail or correspondence, the date the document was sent |

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 8
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| FIELD NAME | DESCRIPTION |
|---|---|
| **DATERECEIVED** | If the document is electronic mail or correspondence, the date the document was received |
| **SUBJECT** | The subject of the document, typically included with correspondence and memoranda |
| **FILENAME** | The original name of the native file |
| **EXTENSION** | The application extension of the native file, for example: .doc, .xls, .docx, .xlsx, .mdb, .txt |
| **CREATEDATE** | The date the document was created |
| **LASTMODIFIED** | The date the document was last modified |
| **PAGECOUNT** | The number of pages in the document |
| **CUSTODIAN** | The name of the custodian from whom the document was obtained |
| **ALL CUSTODIANS** | Custodian(s) that possess duplicate copies of the document |
| **MD5HASH (or SHA1HASH)** | The unique numerical identifier of the document |
| **NATIVEPATH** | The path within the load file structure to the native file, if a native file produced |
| **CONFIDENTIAL** | Whether or not the document is labeled designated as confidential pursuant to a protective order |

9. Best Efforts Compliance. The parties agree to use their best efforts to comply with and resolve any differences concerning compliance with any provision/s of the Agreement. If a producing party cannot comply with any aspect of the Agreement, such party shall inform the requesting party in writing before the time of production why compliance with the Agreement is unreasonable or not possible. No party may seek relief from the Court concerning compliance with the Agreement until it has met and conferred with the other party pursuant to those Rules requiring a good faith effort to resolve or narrow the area of disagreement.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 9
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 22nd day of January, 2018.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 10
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC | SHOOK HARDY & BACON L.L.P. |
| By:  /s/ Beth E. Terrell, WSBA #26759<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Amanda M. Steiner, WSBA #29147<br>Email: asteiner@terrellmarshall.com<br>Brittany A. Madderra, WSBA #48514<br>Email: bmadderra@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450<br><br>Gregory F. Coleman, *Admitted Pro Hac Vice*<br>Email: greg@gregcolemanlaw.com<br>Lisa A. White, *Admitted Pro Hac Vice*<br>Email: lisa@gregcolemanlaw.com<br>Mark E. Silvey, *Admitted Pro Hac Vice*<br>Email: mark@gregcolemanlaw.com<br>GREG COLEMAN LAW PC<br>First Tennessee Plaza<br>800 South Gay Street, Suite 1100<br>Knoxville, Tennessee 37929<br>Telephone: (865) 247-0080<br>Facsimile: (865) 533-0049<br><br>Charles Crueger, *Admitted Pro Hac Vice*<br>Email: cjc@cruegerdickinson.com<br>Erin Dickinson, *Admitted Pro Hac Vice*<br>Email: ekd@cruegerdickinson.com<br>CRUEGER DICKINSON LLC<br>4532 North Oakland Ave.<br>Whitefish Bay, Wisconsin 53211<br>Telephone: (414) 210-3868<br><br><br><br><br>Edward A. Wallace,<br>*Admitted Pro Hac Vice* | By:  /s/ Heather A. Hedeen, WSBA #50687<br>Heather A. Hedeen, WSBA #50687<br>Email: hhedeen@shb.com<br>701 Fifth Avenue, Suite 6800<br>Seattle, Washington 98104<br>Telephone: (206) 344-3113<br>Facsimile: (206) 344-3113<br><br>Amir Nassihi, *Admitted Pro Hac Vice*<br>Email: anassihi@shb.com<br>Andrew L. Chang,<br>*Admitted Pro Hac Vice*<br>Email: achang@shb.com<br>SHOOK HARDY & BACON L.L.P.<br>One Montgomery Street, Suite 2700<br>San Francisco, California 94104<br>Telephone: (415) 544-1900<br>Facsimile: (415) 391-0281<br><br>William R. Sampson,<br>*Admitted Pro Hac Vice*<br>Email: wsampson@shb.com<br>Holly P. Smith, *Admitted Pro Hac Vice*<br>Email: hpsmith@shb.com<br>SHOOK HARDY & BACON L.L.P.<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br><br>*Attorneys for Defendant Nissan North America, Inc.* |

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 11
CASE NO. 2:16-CV-01023-RSM

Email: eaw@wexlerwallace.com
Adam Prom, *Admitted Pro Hac Vice*
Email: ap@wexlerwallace.com
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*Attorneys for Plaintiffs*

## II. ORDER

IT IS SO ORDERED.

Dated this 22 day of January 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 12
CASE NO. 2:16-CV-01023-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com