THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>Defendants. | Case No. 2:16-cv-01023-RSM<br><br>**STIPULATION AND ORDER TO EXTEND CLASS CERTIFICATION DEADLINES** |

The parties respectfully request an extension of the deadlines in this case. They have worked diligently and amicably to resolve issues regarding the scope of discovery, production of electronically stored information, the terms of the Stipulated Protective Order, and the coordination of this matter with a related case filed in the Northern District of California, *Sherida Johnson et. al. v. Nissan N. Am., Inc., et al.*, Case No. 3:17-cv-00517 (N.D. Cal. Filed Feb. 1, 2017).

One particular challenge has been the scheduling of the deposition of a witness from Japan-based Nissan Motor Company, Ltd. ("NML"), which is a named-but-unserved defendant in the *Lohr* case. (The only served defendant in *Lohr* is Nissan North America, Inc. ("NNA").) The parties have agreed through a stipulation entered in the *Johnson* case (in which NML is also unserved) that certain discovery to NML may be served on counsel for NNA, and further that such discovery may be used

by Plaintiffs in both *Lohr* and *Johnson*. The NML deponent, however, is unavailable for deposition until November 8, 2018. The current *Lohr* deadline of December 3, 2018 for Plaintiffs to file their class certification papers and expert reports is now highly compressed.

The parties have coordinated with counsel in *Johnson*, and the proposed extension of deadlines set forth below, if entered, would place both *Lohr* and *Johnson* on the same track for class briefing, class-related expert reports, and class-related expert depositions.

## I. RELEVANT BACKGROUND

This proposed class action involves allegations that panoramic sunroofs installed in seven models of Nissan vehicles suffer from a uniform defect. Nissan denies these allegations.

On July 16, 2017, the Court adopted its first scheduling order based on dates the parties proposed in a Joint Status Report. Dkt. No. 47. That Order set class-related deadlines beginning with a May 25, 2018, deadline for Plaintiffs' motion for class certification and expert disclosures. *Id*. On March 28, 2018, the Court amended the scheduling order following a joint request from the parties premised on the status of document collection, review, and production. The amended schedule set class-related deadlines beginning with a December 3, 2018, deadline for Plaintiffs' motion for class certification and expert disclosures. Dkt. 62.

The parties have engaged in written discovery, document production, and third-party discovery. Deposition scheduling also is currently underway. Plaintiffs wish to depose a corporate representative from NNA's parent company, NML, which is located overseas and has never been served in this case or in the *Johnson* case. The parties in *Johnson*, however, entered into a stipulation that permits plaintiffs in that case to serve discovery requests directed to NML on counsel for NNA, in exchange for extended response time obligations. *See Johnson*, Case No. 3:17-cv-00517 (N.D. Cal.), at Dkt. 39, attached hereto as Exhibit A. The parties have further agreed that Plaintiffs in *Lohr* may access and use this NML discovery.

To date, NML has responded to written discovery in *Johnson*, and the parties are in the process of scheduling a corporate deposition of NML. The NML deponent, however, is committed to business obligations in Europe and elsewhere and is not available for deposition until November 8, 2018.

MOTION FOR ORDER RE: EXTENSION OF
DEADLINES
CASE NO.: 2:16-cv-01023-RSM

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104, 206.344.6700

Moreover, because NML's role as it relates to this litigation primarily relates to pre-production design and testing, the parties are in agreement that it makes sense to depose NML before deposing NNA, meaning that the NNA deposition would not occur until the week of November 12, 2018. Given the current *Lohr* deadline of December 3, 2018, for Plaintiffs to file their class certification motion and expert reports the parties jointly seek to push the current *Lohr* deadlines by a little more than a month, with Plaintiffs' new class certification deadline falling on January 15, 2019.

By way of background, the parties in *Johnson* are seeking entry of a similar scheduling order. If this Court and the *Johnson* court approve these requests, then the two cases will be on parallel tracks that hopefully would provide some economies.

The parties will continue to work diligently and cooperatively to complete document discovery, schedule and complete depositions, and resolve any disputes that may arise promptly and without court intervention.

For these reasons, the parties hereby stipulate and agree as follows.

II. **STIPULATION**

Whereas, the parties jointly request that the Court amend the scheduling order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Plaintiffs to file motion for class certification and to serve expert disclosures and reports | December 3, 2018 | January 15, 2019 |
| Deadline for Plaintiffs to produce experts for deposition | January 11, 2019 | February 26, 2019 |
| Deadline for NNA to file opposition to motion for class certification and to serve expert disclosures and reports | February 13, 2019 | April 2, 2019 |
| Deadline for NNA to produce experts for deposition | March 6, 2019 | April 23, 2019 |
| Deadline to file reply regarding Motion for Class Certification | March 18, 2019 | May 14, 2019 |

MOTION FOR ORDER RE: EXTENSION OF
DEADLINES
CASE NO.: 2:16-cv-01023-RSM

SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104, 206.344.6700

STIPULATED TO AND DATED this 25th day of September, 2018.

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC<br>Attorneys for Plaintiffs<br><br>By: /s/ Beth E. Terrell<br>Beth E. Terrell, WSBA #26759<br>Amanda M. Steiner, WSBA #29147<br>Benjamin M. Drachler, WSBA #51021<br>Terrell Marshall Law Group PLLC<br>936 North 34th Street, Ste. 300<br>Seattle, WA 98103-8869<br>Phone: 206-816-6603<br>Fax: 206-319-5450<br>bterrell@terrellmarshall.com<br>asteiner@terrellmarshall.com<br>bdrachler@terrellmarshall.com<br><br>Gregory F. Coleman, Pro Hac Vice<br>Mark E. Silvey, Pro Hac Vice<br>Lisa A. White, Pro Hac Vice<br>GREG COLEMAN LAW PC<br>First Tennessee Plaza<br>800 South Gay Street, Suite 1100<br>Knoxville, TN, 37929<br>Phone: 865-247-0080<br>Fax: 865-522-0049<br>greg@gregcolemanlaw.com<br>mark@gregcolemanlaw.com<br>adam@gregcolemanlaw.com<br><br>Charles J. Crueger, Pro Hac Vice<br>Erin Dickinson, Pro Hac Vice<br>CRUEGER DICKINSON LLC<br>4532 N. Oakland Avenue<br>Whitefish Bay, WI 53211<br>Phone: 414-210-3868<br>cjc@cruegerdickinson.com<br>ekd@cruegerdickinson.com<br><br>Edward A. Wallace, Pro Hac Vice<br>WEXLER WALLACE LLP<br>55 Monroe Street, STE 3300<br>Chicago, IL 60603<br>Phone: 312-346-2222<br>Fax: 312-346-0022<br>Email: eaw@wexlerwallace.com | SHOOK HARDY & BACON L.L.P.<br>Attorneys for Defendant Nissan North America, Inc.<br><br>By: /s/ Heather A. Hedeen<br>Heather A. Hedeen, WSBA #50687<br>SHOOK HARDY & BACON L.L.P.<br>701 Fifth Avenue, Suite 6800<br>Seattle, WA 98104<br>Phone: 206-344-7606<br>hhedeen@shb.com<br><br>Amir Nassihi, Pro Hac Vice<br>Andrew L. Chang, Pro Hac Vice<br>SHOOK HARDY & BACON L.L.P.<br>One Montgomery, Suite 2700<br>San Francisco, CA 94104<br>Phone: 415-544-1900<br>anassihi@shb.com<br>achang@shb.com<br><br>Holly Pauling Smith, Pro Hac Vice<br>William R. Sampson, Pro Hac Vice<br>SHOOK HARDY & BACON L.L.P.<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>Phone: 816-474-6550<br>hpsmith@shb.com<br>wsampson@shb.com |

### III. ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 25, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE