1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>　　　　Defendants. | Case No. C16-1023RSM<br><br>ORDER GRANTING IN PART MOTIONS TO SEAL |

This matter comes before the Court on Plaintiffs' Motions to Seal, Dkt. #89 and Dkt. #92. The first Motion, Dkt. #89, requests to seal "certain documents, deposition testimony, and portions of expert declarations designated confidential by Defendant Nissan, as well as portions of their brief that discuss the confidential documents, deposition testimony, and declarations." This Motion was filed concurrently with Plaintiffs' Motion for Class Certification, Dkt. #94, and refers to exhibits in the "Drachler Declaration," Dkt. #90. Plaintiffs also filed on the same day a second Motion to Seal, Dkt. #92, which requests to file under seal "certain portions of their Motion for Class Certification that discuss and quote documents and deposition testimony that Nissan designated as confidential in discovery." In other words, the first Motion seeks to

ORDER GRANTING IN PART MOTIONS TO SEAL - 1

seal exhibits and portions of briefing, the second (perhaps duplicative) Motion seeks to seal only portions of briefing.

After Defendant Nissan North America, Inc. ("NNA") failed to file a timely response brief to either of these Motions, the Court issued a Minute Order directing NNA to do so, explicitly citing both Motions.  Dkt. #97.  On March 18, 2021, NNA filed a single brief responding only to Dkt. #92.  *See* Dkt. #98 at 2 ("Pursuant to Local Civil Rule 5(g), Defendant Nissan North America, Inc. ("NNA") hereby responds to Plaintiffs' Motion to Seal (Dkt. 92)…").  In an odd twist, although Dkt. #92 only addresses *briefing*, NNA's Response only addresses the *exhibits* in the Drachler declaration.  *See id.* at 13 ("[a]ccordingly, NNA respectfully requests that the following exhibits remain under seal as proposed in Derek Latta's declaration: Exhibits A-P, S, T, V, X-Z, and AA to Plaintiff's Motion for Class Certification.").[1]

"There is a strong presumption of public access to the court's files."  LCR 5(g).  "Only in rare circumstances should a party file a motion, opposition, or reply under seal."  LCR 5(g)(5).  Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary."  LCR 5(g)(3)(B).  However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

---

[1] On top of it all, the Court notes that although the Response brief concludes by saying NNA wants all of these exhibits to "remain under seal," including Exhibits A and X, in an earlier footnote NNA states that it "does not seek to seal Exhibit A or X, which are a [sic] publicly-available documents from NHTSA."  Dkt. #98 at 5 n.1.  NNA also requests that many exhibits be unsealed with redactions, as set forth below.

ORDER GRANTING IN PART MOTIONS TO SEAL - 2

LCR 5(g)(3).  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).  For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons."  *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003).  Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

As an initial matter, the Court is asked to determine whether the "good cause" or "compelling reason" standard applies to the sealing of records attached to a Motion for Class Certification.  Plaintiffs assume that the "compelling reason" standard applies.  *See* Dkts. #89 at 2, #92 at 2.  NNA argues that either standard could apply, depending on whether the Court believes a Motion such as this one is dispositive.  Dkt. #98 at 3 ("[i]n the Ninth Circuit, courts are split on whether the 'good cause' or 'compelling reasons' standard applies to sealed documents in the class certification context.") (citing cases).  Framed differently, one Court has found that it is appropriate to apply the "good cause" standard "[u]nless the denial of a motion for class certification would constitute the death knell of a case."  *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-22330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015).  Ultimately, NNA argues that it has satisfied both the "good cause" and "compelling reasons" standards.  Dkt. #98 at 4.  The Court agrees in part and finds that compelling reasons exist to keep the below exhibits under seal.  For those exhibits to be unsealed, the Court has found that NNA has failed to demonstrate either good cause or compelling reasons.

ORDER GRANTING IN PART MOTIONS TO SEAL - 3

Plaintiffs have declined to file any Reply briefs in support of their Motions to Seal.

**A. Plaintiffs' Sealed Exhibits**

The Court agrees that Exhibits J, M, O, and T contain proprietary information regarding product specifications, numbers indicative of sales and market trends for NNA vehicles, and warranty information. *See* Declaration of Derek Latta ("Latta Decl."), Dkt. #95, ¶ 15.

Exhibits B and C are the reports of Plaintiffs' experts containing NNA's proprietary technical information, design features and specifications of NNA vehicles, graphic illustrations and drawings, internal engineering analyses of NNA employees, and warranty information and analysis. *See id.* at ¶ 17.  NNA argues, "[i]f Exhibits B and C are not maintained under seal, this information could be obtained by a competitor, who could use it to copy NNA's specifications and designs, understand NNA's internal design and engineering trade secrets and strategies, understand NNA's warranty strategies, and understand and/or incorporate for itself NNA's proprietary engineering analyses and processes." Dkt. #98 at 8 (citing Latta Decl. at ¶ 17).  The Court has no basis to disagree and these exhibits should remain sealed.

Exhibits D, F, H, L, Y, Z, and AA, contain communications with NNA's sunroof suppliers and include NNA's design opinions and strategy, analysis and testing of glass in NNA's vehicles, safety-related information, warranty details and analyses, and detailed technical specifications. *See* Latta Decl. at ¶ 21.  This type of information is typically maintained under seal as proprietary business information that could aid competitors.  These exhibits should remain under seal, except for Exhibit L, which can be redacted.

NNA argues that Exhibit E should be sealed as it contains "social media trending and analysis, warranty information and analysis, and NNA's consideration and response to NHTSA campaigns." *See id.* at ¶ 22.  The Court has reviewed this exhibit and disagrees that information

posted publicly on social media, collected by NNA, constitutes proprietary business information.  NNA has failed to show how this exhibit, which contains research rather than decision-making, could reflect internal business processes and thinking or create a competitive disadvantage for NNA, other than by simply stating it is so.  Even if this information could be seen as proprietary in some fashion, the data are more than five years old and would likely not affect NNA going forward.  This exhibit will be unsealed.

Exhibits G and P contain information from NNA's Global Concern Administration and Reporting System ("GCARS").  NNA argues that the reports in these exhibits reflect "immediate impressions of NNA personnel" and that "[s]uch spontaneous reactions, if made public, could harm NNA in the short term and could deter the very immediacy and spontaneity NNA is trying to accomplish."  Dkt. #98 at 11.  NNA cites no legal basis to support this specific argument, and the Court finds that it need not seal such documents simply because employee reports contain damaging first impressions.  These documents will be unsealed.

Exhibit I was produced by Nissan Motor, Ltd. As part of this litigation and contains sensitive business information.  *See* Latta Decl. at ¶ 25.  The Court agrees that this exhibit should remain under seal.

NNA argues that Exhibits K and N contain internal NNA communications reflecting proprietary design and engineering information, including trade secret information.  *See id.* at ¶ 26.  NNA argues that disclosure "would provide competitors a detailed view of NNA's engineering processes, trade secret information, vehicle design options and specifications."  Dkt. #98 at 12.  The Court disagrees. These exhibits contain only a few sentences in emails, at most showing one employee's perspective that one type of sunroof might be better than another.  These exhibits will be unsealed.

ORDER GRANTING IN PART MOTIONS TO SEAL - 5

Exhibit V is properly unsealed and redacted as suggested by NNA as it contains certain proprietary business information.

Exhibit S contains NNA's proprietary and confidential sales information and shall remain under seal. *See id.* at ¶ 28.

The Court finds that the above exhibits, other than Exhibits E, G, and P, K, and N, should be sealed or redacted as set forth by NNA's proposed order. For the convenience of the Court, the currently filed exhibits associated with the Declaration of Benjamin M. Drachler (Dkt. #90) will remain under seal and the Court will direct Plaintiffs to submit new redacted and unsealed exhibits.

### B.   Plaintiffs' Sealed Motion Briefing

NNA has, for whatever reason, not addressed this issue. This silence comes after initially failing to respond at all to Plaintiffs' Motions, requiring the Court's intervention via minute order. There is no argument from either party in favor of sealing the briefing, although Plaintiffs spent time dutifully redacting it. *See* Dkt. #91-1. The Court has compared the redacted and unredacted versions to learn what, exactly, is at issue with each redaction. Some of the redacted portions quote the above exhibits, while others do not. The Court will not *sua sponte* argue for these redactions. Given the strong presumption of public access to the Court's files, and the directive that a motion should be filed under seal "only in rare circumstances," the Court will deny this portion of Plaintiffs' Motions and order the unsealing of the Motion for Class Certification, Dkt. #94. Any prejudice to NNA is self-inflicted.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Plaintiffs' Motions to Seal, Dkt. #89 and Dkt. #92, are GRANTED IN PART.

2)  All exhibits at Dkt. #90 are to remain under seal.

3)  Plaintiffs are DIRECTED to file redacted and unsealed versions of the exhibits as set forth in Defendant's Proposed Order, Dkt. #98-1, no later than twenty-one (21) days from the date of this Order, except Plaintiffs are to file unsealed versions of Exhibits E, G, and P, K, and N.  Plaintiffs are to file these documents attached to a single declaration in an organized manner so as to show, as clear as possible, how they relate to the existing exhibits.

4)  Plaintiffs' Motion for Class Certification, Dkt. #94, is to be UNSEALED.  The Court DIRECTS the CLERK to unseal this document three (3) days after the date of this Order.

DATED this 27th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTIONS TO SEAL - 7