UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>Defendants. | Case No. C16-1023RSM<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Nissan North America, Inc. ("NNA")'s Motion for Reconsideration. Dkt. #103. On April 27, 2021, the Court issued an Order granting in part Plaintiffs' Motions to Seal related to their Motion for Class Certification. Dkt. #102. The Court agreed with the parties as to the sealing of many exhibits, ordered the unsealing of certain exhibits, and noted, "[t]here is no argument from either party in favor of sealing the briefing, although Plaintiffs spent time dutifully redacting it." *Id*. at 6. The Court examined the redactions and found that "[s]ome of the redacted portions quote the above exhibits, while others do not." *Id.* The Court refused to *sua sponte* argue in favor of sealing the briefing and it was to be unsealed by the clerk in three days. *Id*. at 7. This delay was

ORDER GRANTING MOTION FOR RECONSIDERATION - 1

designed to allow for a motion for reconsideration, and the instant motion was filed shortly thereafter.

The instant Motion does not seek reconsideration of the Court's decision as to the unsealing of the contested Exhibits E, G, K, P, and N. NNA only asks the Court to reconsider the unsealing of the briefing where it quotes or paraphrases exhibits the Court's Order found should be sealed. Specifically, NNA requests that "the proposed redactions to Plaintiffs' Motion for Class Certification which rely on Exhibits B, C, D, F, H, I, J, M, O, S, T, Y, Z, or AA, or the redactions to L and V, remain sealed." Plaintiffs have responded to this Motion and do not oppose it. Dkt. #106.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

To grant a motion such as this, the Court would typically rely on a showing of manifest error or new facts or legal authority. Instead, the parties have said almost nothing. NNA "apologizes" for its error in failing to address the sealing of briefing. Dkt. #103 at 2. NNA argues, in a single sentence, that the "redactions should remain sealed for the reasons NNA asserted in its response to Plaintiffs' motion to seal," but fails to acknowledge that NNA never addressed the redactions collectively or individually, which would have been preferable. Plaintiffs made these redactions but decline to walk through them one by one.

The Court nevertheless finds that Plaintiffs' prior redactions in briefing that rely on Exhibits B, C, D, F, H, I, J, M, O, S, T, Y, Z, or AA, or to redacted portions of exhibits L and

V, should remain sealed on the same bases the Court relied on to seal those exhibits. Accordingly, the Court hereby finds and ORDERS:

1) Defendant Nissan North America, Inc. ("NNA")'s Motion for Reconsideration, Dkt. #103, is GRANTED.

2) Plaintiffs' Motion for Class Certification, Dkt. #94, is to remain SEALED.

3) Plaintiffs are to file a revised redacted version of their Motion for Class Certification consistent with the above no later than twenty-one (21) days from the date of this Order. If there is any confusion on Plaintiffs' behalf of what is to remain redacted, the parties are to meet and confer prior to filing anything further with the Court.

DATED this 3rd day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE