UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOHR and RAVIKIRAN SINDOGI, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.,<br><br>    Defendants. | Case No. C16-1023RSM<br><br>ORDER GRANTING AND DENYING MOTIONS TO SEAL |

This matter comes before the Court on Plaintiffs' Motions to Seal, Dkts. #138, #152, #158, #165, and #199. These Motions are unopposed, except for Dkts. #158 and #165.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

ORDER GRANTING AND DENYING MOTIONS TO SEAL - 1

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has deep reservations about the sealing of certain of these exhibits. However, given the procedural posture of this case and the lack of opposition, the Court will now grant the majority of these Motions and keep the related documents under seal at this time. The exceptions are Dkts. #158 and #165, where the parties appear to agree that the documents at issue should not be sealed based on prior rulings of the Court.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motions to Seal, Dkts. #138, #152, and #199, are GRANTED. The Motions at Dkt. #158 and #165 are DENIED. All filings at Dkts. #140, #145, #154, #155, #201, and #202 are to remain under seal. Dkts. #160, #167, and #168 are to be unsealed.

DATED this 19th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING AND DENYING MOTIONS TO SEAL - 2